IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DARREL L. ESPINOSA,

    Plaintiff,                      CIV-S-04-0203 MCE GGH PS

    vs.

KARL RUDOLPH,

    Defendant.                     FINDINGS & RECOMMENDATIONS

        This action, in which plaintiff is proceeding pro se, has been referred to the undersigned pursuant to E.D. Cal. L.R. 72-302(c)(21).  On May 2, 2005, plaintiff filed with this court a "Notice regarding case No. CV 23301 Filed in the Superior Court of the State of California" (hereinafter referred to as "Notice").  Plaintiff filed this Notice pursuant to this court's order of March 22, 2005, which directed plaintiff to apprise the court of the status of his state court litigation and to file an amended complaint no later than May 15, 2005.  Plaintiff has failed to file the amended complaint.

**Background**

        The original complaint, filed on January 29, 2004, named as defendants Colusa County Deputy Sheriffs Karl Rudolph, Randy Morton, Douglas Turner, Miguel Villasenor, Kevin Wheeler, Colusa County Sheriff Kevin Marshall, Larry Leroy Walkup, Jr., Lori Walkup,

1

William Edward Richards and Steven Lewis Corkhill.  Plaintiff alleges that defendants Rudolph, Morton, Marshall, Wheeler, Turner and Villasenor improperly enforced titles to property held by Larry and Lori Walkup (the "Walkups"), and conspired to take the property away from plaintiff in order to chill his participation in public affairs.  The court will refer to the property in question as the "Colusa property."  Plaintiff alleges that the Colusa property was illegally sold by Fidelity National Foreclosure Solutions to the Bank of New York, which then sold the Colusa property to the Walkups.

By way of background, the court observes that this is the *third* action filed by plaintiff in this court concerning the Colusa property.  In CIV S-00-2010 MCE GGH PS, plaintiff and his mother filed an action against The Money Store and other entities involved in the foreclosure sale of the Colusa property, which had secured a loan made to plaintiff's parents.[1]  In that case, plaintiff alleged fraud and extortion by defendants to gain possession of the Colusa property.  Plaintiff Darrell Espinosa was dismissed from this action after he failed to file an amended complaint clarifying whether he had standing to raise the legal claims as the executor or administrator of his father's estate.  On October 23, 2002, the court granted defendants' summary judgment motion as to remaining claims made by plaintiff's mother.  In particular, the court found no merit to her claims for common law fraud, and violations of RICO and the Fair Debt Collections Practices Act.

In CIV S-02-0800 MCE GGH PS, plaintiff sued the Colusa County Superior Judges who ruled that the Bank of New York had legitimate title to the property following unlawful detainer proceedings against him.  The court dismissed the claims against these defendants on grounds that it lacked jurisdiction pursuant to the Rooker-Feldman doctrine

\\\\\

---

[1] Judicial notice may be taken of court records.  Valeerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n.1 (N.D. Cal. 1978), aff'd 645 F.2d 699 (9th Cir. 1981), cert. denied, 454 U.S. 1126 (1981).

because plaintiff was seeking review of a state court decision.[2]  Plaintiff also sued defendants The Bank of New York, The Money Store, Inc., Wachovia Corporation, Homeq Servicing Corporation, Kronich, Moskovitz and Girard, Bruce Scheidt and Sarah Domich.  The gravamen of plaintiff's complaints against these defendants was a challenge to the state court judgment against him.  Accordingly, the court dismissed the claims against these defendants pursuant to the Rooker-Feldman doctrine as well.

In that same case, plaintiff also sued Colusa County Deputy District Attorney Poyner, Colusa County Undersheriff Scroggins and Colusa County Deputy Sheriffs Shuman and Rudolph and private citizen Charlene Metcalf for violations of RICO.  The court dismissed the RICO claims for failing to demonstrate a substantive RICO violation.  Several other defendants were dismissed due to lack of timely service.  The court entered judgment in CIV S-02-0800 MCE GGH PS on April 3, 2003, which plaintiff appealed to the Ninth Circuit.  On January 10, 2005, the Ninth Circuit affirmed the district court's decision.[3]

On April 9, 2004, the undersigned ordered CIV S-00-2010 MCE GGH PS, CIV S-00-800 MCE GGH PS, and the current action, CIV S-04-0203 MCE GGH PS, related.  On October, 20, 2004, the court granted defendants' motion to dismiss plaintiff's claims with leave to amend.  Specifically, the court dismissed plaintiff's claims and requests for relief that either directly or impliedly challenged the state court decision against plaintiff in an unlawful detainer action.  The court, however, dismissed with leave to amend plaintiff's claim that defendants

---

[2] A federal district court does not have jurisdiction to review legal errors in state court decisions.  Dist. of Columbia court of Appeals v. Feldman, 460 U.S. 462, 476, 103 S.Ct. 1303, 1311-12 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415, 44 S.Ct. 149, 150 (1923).  "The district court lacks subject matter jurisdiction either to conduct a direct review of state court judgment or to scrutinize the state court's application of various rules and procedures pertaining the state of the case." Samuel v. Michaud, 980 F. Supp. 1381, 1411-12 (D. Idaho 1996).  See also Branson v. Nott, 62 F.3d 287, 291-92 (9th Cir. 1995) (finding no subject matter jurisdiction over § 1983 claim seeking inter alia, implicit reversal of state trial court action).

[3] See Espinosa v. Bank of New York, et al., No. 03-15749, 2005 WL 78922 (9th Cir. Jan. 12, 2005).

3

conspired to chill plaintiff's First Amendment rights. Although the court was highly suspect about the bona fides of this claim, i.e., the First Amendment claim was simply an after-the-fact conceived stalking horse to continue to litigate the foreclosure issue, it granted plaintiff leave to amend to provide more specific and supporting facts.[4] The order contained specific instructions concerning the content and scope of any amended claim: "[t]he amended complaint should include no claims challenging the unlawful detainer action against plaintiff in state court. The only federal claim that plaintiff may include in the amended complaint is the claim the defendants' conspired to violate his right to free speech. The amended complaint should also include plaintiff's state law claims."

By minute order on December 9, 2004, the court ordered plaintiff to file any amended complaint no later than December 27, 2004. Plaintiff did not file a proposed amended complaint until December 28, 2004, seeking leave to file it out of time, and claiming that his failure to comply with the order was due to slow delivery during the holiday mail season. The proposed amended complaint did not comply with the court's order of October 20, 2004, as it contained a new cause of action under 42 U.S.C. § 1983 based on defendants' alleged conspiracy to deprive the plaintiff of property rights without due process of law. On March 17, 2005, the court held a hearing regarding plaintiff's proposed amended complaint. At that hearing, plaintiff apprised the court of ongoing state court litigation brought by the Walkups to quiet title to the Colusa property. Plaintiff indicated that this litigation would be resolved soon, and likely in his favor. By order of March 22, 2005, the court deferred ruling on plaintiff's proposed amended complaint, and ordered plaintiff to file a proposed amended complaint and to apprise the court of the status of the state court litigation no later than May 15, 2005. On May 2, 2005, plaintiff filed a Notice with the court that gave sparse details concerning the status of the state court litigation.

---

[4] The court declined to address defendants' motions to dismiss the state law battery and false imprisonment claims because plaintiff had not yet stated a colorable federal claim, and the court therefore could not determine whether to exercise supplemental jurisdiction over the state law claims.

Plaintiff, however, failed to file a proposed amended complaint as ordered.

On June 17, 2005, defendants Wheeler, Villasenor, Marshall, Rudolph, Turner and Morton filed a "Statement Re: Status of Case," detailing the status of the state court proceedings. These defendants attached minute orders from those proceedings showing that plaintiff's motion to strike portions of the complaint, his motion for judgment on the pleadings, his demurrer to the complaint, and his motion to dismiss for lack of standing were all denied by the Superior Court. Defendants' "Statement" also included a request to dismiss this case for plaintiff's failure to file an amended complaint.

**Discussion**

Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court. Fed. R. Civ. P. 41(b); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) (affirming district court's dismissal of pro se litigant's civil rights complaint for failure to comply with court's order requiring amendment of caption to delete "et al." designation and to name additional party defendants). District courts have the inherent power to control their dockets, and in exercising that power, may impose sanctions including, where appropriate, dismissal of a case. Id. at 1260 (quoting Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986)).

"In determining whether to dismiss a case for failure to comply with a court order the district court must weigh five factors including: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." Ferdik, 963 F.2d at 1260-61 (quoting Thompson, 782 F.2d at 831)). Although preferred, it is not required that the district court make explicit findings in order to show that it has considered these factors. Ferdik, 963 F.2d at 1261.

During the past five years, plaintiff has brought three separate actions, all of which arise from the same set of underlying facts, i.e., the foreclosure sale of his parents' home.

5

1  With regard to all three actions, this court has demonstrated sensitivity to plaintiff's pro se status.
2  The court in Ferdik characterized the district court's grant of two opportunities to amend pro se
3  plaintiff's complaint, and its guidance for properly doing so, "more than adequate" and going
4  "out of its way to assist" plaintiff. Id. at 1261.
5     In the present action alone, this court has granted plaintiff two opportunities to
6  amend his complaint, and given him copious instruction on how to do so properly. In contrast to
7  the court's patience and instruction, plaintiff has repeatedly failed to comply with court orders
8  and has continued to file untimely motions and inappropriate requests for relief.[5] This court has
9  granted plaintiff numerous opportunities to avoid dismissal. In particular, this court's order of
10 October 20, 2004, addressed each of plaintiff's claims and explicitly set forth how plaintiff
11 should amend his complaint. Not only did plaintiff fail to file his amended complaint by the
12 December 27, 2004 deadline, his proposed amended complaint failed to comply with the court's
13 order of October 20, 2004, as it set forth a new cause of action unrelated to his claim for
14 violation of his First Amendment rights. On March 17, 2005, the court held a hearing regarding
15 plaintiff's request to file an amended complaint, at which plaintiff represented to the court that
16 the judge in the state court litigation indicated an impending probable outcome in plaintiff's
17 favor. Then, by order of March 22, 2005, the court granted plaintiff until May 15, 2005 to
18 apprise the court of the status of the state court litigation and to file a proposed amended
19 complaint. Plaintiff has failed to comply with this order. Although plaintiff did file a Notice
20 \\\\\
21 \\\\\
22 \\\\\

---

[5] The court has entertained numerous motions and requests by plaintiff, including a request for default judgment filed after defendants answered, and a subsequent motion for reconsideration when that motion was denied, an "ex parte" application for a temporary restraining order, motions for sanctions against defendants, an untimely motion for summary judgment, and a request for recusal of district judge Morrison C. England, Jr., among other things.

regarding the status of the state court litigation on May 2, 2005, he did not file a proposed amended complaint.[6]

Before dismissing a case for failure to comply with a court order, the district court must consider the five factors addressed above. Ferdik, 963 F.2d at 1261. First, the public's interest in expeditious resolution of litigation favors dismissal. As indicated above, plaintiff has been litigating the validity of the foreclosure sale of his parents' home and challenging state court judgments upholding its legality for several years. He has lodged complaints in state court, this court, and has even appealed certain decisions to the Ninth Circuit, none of which has resulted in his favor. Meanwhile, plaintiff has continued to claim ownership of the Colusa property, which has resulted in confrontations with local law enforcement. Dismissal of this case would put an end to the innumerable hours this court, its personnel, and other courts have spent addressing continual claims arising from the same set of underlying facts. Second, the court's need to manage its docket also favors dismissal. The court has spent considerable time addressing plaintiff's failure to comply with and respond to court orders. The court docket is not served by use of court resources on an action where plaintiff continually fails to comply with court orders. Third, defendants are prejudiced by the delay caused by plaintiff's failure to comply with court orders.

The public policy favoring disposition of cases on their merits, in one sense, does not favor dismissal. Although the only claim in this action on which plaintiff was granted leave to amend was his allegations that defendants conspired to chill his free speech rights, he has failed to follow the court's order for amending that claim. However, when viewed in its proper context, the real merits of plaintiff's suits, i.e., his unending quest to have his parents' property returned, have been, and are, being resolved in state court. Defendants have a right to have their defenses resolved, once and for all, on their merits, without the specter of a never ending series

---

[6] Plaintiff's Notice showed that, contrary to his representations at the hearing of March 17, 2005, the state court has not ruled favorably on any of his motions.

7

of harassing federal court actions by a plaintiff, who although perhaps sincere in his belief that he has been treated unfairly, lacks the perspective to understand the unfairness he is working in-turn on others. The "merits" will never be resolved in federal court. Finally, based on plaintiff's conduct, the court finds that less drastic sanctions are not available—plaintiff, who may well be judgment proof, will not be deterred by stern judicial admonishments or even uncollectable monetary funds.

For these reasons, THE COURT RECOMMENDS that plaintiff's case be dismissed for failure to comply with court orders.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: 7/11/05

/s/ Gregory G. Hollows

_____
GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:mb
Espinosa0203.ord2